IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHERRI MURPHY, | 6:12-CV-01127-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration[1], | |
| Defendant. | |

RORY LINERUD
P. O. Box 1105
Salem, OR 97308
(503) 587-8776

       Attorney for Plaintiff

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case.  No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

       Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Sherri Murphy seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner.

## ADMINISTRATIVE HISTORY

     Plaintiff filed her applications for SSI and DIB on May 6,

2 - OPINION AND ORDER

2008, and alleged a disability onset date of July 13, 2007. Tr. 127.[2] Plaintiff's claims were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 5, 2010. Tr. 12-22. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on February 4, 2011, in which he found Plaintiff was not disabled because she could perform a limited range of sedentary work. Tr. 21. That decision became the final decision of the Commissioner on May 10, 2012, when the Appeals Council denied Plaintiff's request for review. Tr. 1-3.

On June 22, 2012, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on May 24, 1966, and was 44 years old at the time of the October 2010 hearing. Tr. 12, 21. Plaintiff has a General Education Diploma. Tr. 39. Plaintiff has past relevant work experience as a care-giver. Tr. 20.

Plaintiff alleges disability due to a back injury. Tr. 154.

---

[2] Citations to the official transcript of record filed by the Commissioner on November 7, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509,

5 - OPINION AND ORDER

404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

6 - OPINION AND ORDER

work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her July 13, 2007, onset date. Tr. 14.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, status post-lumbar fusion, degenerative disc disease of the thoracic spine, mild stenosis and mild spondylosis of the cervical spine, irritable bowel syndrome, and

7 - OPINION AND ORDER

peripheral neuropathy. Tr. 14.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform sedentary work, with lifting and carrying of 10 pounds occasionally and less than 10 pounds frequently, standing and walking at least two hours of an eight-hour workday and sitting for about six hours of an eight-hour workday except she requires brief changes of position totaling not more than five minutes an hour. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach overhead and frequently handle and finger bilaterally. Tr. 17.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work as a care giver. Tr. 21.

At Step Five the ALJ consulted with a VE and determined Plaintiff retained the capacity to perform the work of an addresser, table worker, and hand stuffer. Tr. 22.

## DISCUSSION

Plaintiff contends the ALJ erred in assessing her RFC. Plaintiff argues the ALJ appropriately relied on the opinion of Consultative Examiner, Michael Henderson, D.O., but failed to accurately include in his evaluation of Plaintiff's RFC the

8 - OPINION AND ORDER

lifting limitations identified by Dr. Henderson.

Dr. Henderson reviewed Plaintiff's medical records and examined Plaintiff in November 2010. Tr. 407-15. Dr. Henderson reported:

> Hand pain: her hands appear to have relatively normal range of motion, as she is able to open them for sensory testing and grip during muscle strength testing. Sensory testing was normal. If she is having pain due to trigger finger," [sic] this is surgically correctable. If the pain is due to diabetic neuropathy, at this time it seems to be relatively mild.

Tr. 409.

Under the heading "Functional Limitations," Dr. Henderson concluded: "I would limit her to sitting 20 minutes, standing 15 minutes and walking 15 minutes at a time. She should be limited to lifting 20 pounds at a time on occasion." Tr. 409.

On the "Medical Source Statement of Ability to Do Work-Related Activities (Physical)," Dr. Henderson checked boxes "representing the amount the individual can <u>lift</u> and how often it can be lifted." Emphasis in original. Tr. 410. Dr. Henderson also checked the box indicating Plaintiff could lift up to 10 pounds "Occasionally (up to 1/3)." "Occasionally" is defined as "means very little to one-third of the time." Tr. 410. In addition, Dr. Henderson indicated Plaintiff could lift 11 to 20 pounds "Occasionally," 20-50 pounds "Never," and 51 to 100 pounds "Never." Tr. 410. He also indicated Plaintiff can carry up to 10 pounds "occasionally," 11-20 pounds "Never," and 51-100

9 - OPINION AND ORDER

pounds "Never." Tr. 410.

In the section titled "Use of Hands," Dr. Henderson checked boxes indicating Plaintiff retained the capacity for reaching (overhead); reaching (all other); and handling, fingering, feeling, and push/pull "continuously (more than 2/3 of the time)." Tr. 412. In the section titled "Activities," Dr. Henderson found Plaintiff can "sort, handle, or use paper/files." Tr. 415.

The Commissioner concedes the ALJ erred by including in Plaintiff's RFC the ability to carry up to ten pounds frequently even though Dr. Henderson concluded Plaintiff could only carry up to ten pounds occasionally. The Commissioner, however, contends the error was harmless because all three of the identified jobs are sedentary and do not require more than lifting or carrying up to 10 pounds occasionally, which is consistent with Dr. Henderson's specific findings. Moreover, the *Dictionary of Occupational Titles (DOT)* indicates the identified jobs require a "negligible" amount of frequent lifting and carrying.

In addition, Plaintiff contends Dr. Henderson "provided no respective weight limit whatsoever, that Plaintiff could lift or carry, if asked to do so, on a frequent basis." Plaintiff's Reply Brief at 2. Dr. Henderson, however, did not find Plaintiff is restricted to "no lifting" or to "carrying negligible weight" because he found Plaintiff could "sort, handle, or use

10 - OPINION AND ORDER

paper/files." Tr. 415. By finding Plaintiff capable of sorting, handling, and using paper and files, Dr. Henderson implicitly found Plaintiff was capable of lifting and carrying negligible weight.

On this record the Court finds the ALJ did not err at Step Five because his conclusions are legally sufficient and supported by substantial evidence in the record.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 31st day of May, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER